UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

GEORGE MILLER,          )
            )
      Plaintiff,      )
            )
     vs.          )     Case No. 1:21-CV-12 SNLJ
            )
PHILADELPHIA IND. INS. CO.,   )
            )
     Defendant.     )

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following assignment to the undersigned.   The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases."  *Sanders v. Clemco Indus*., 823 F.2d 214, 216 (8th Cir. 1987).   "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc*., 445 F.3d 1046, 1050 (8th Cir. 2006).   "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively."   15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).   Because this action has been removed from state court to this Court, the party seeking to invoke diversity jurisdiction is the defendant; however, the party seeking removal has burden of establishing federal subject matter jurisdiction.  *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

The Notice of Removal (#1) asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States

and the matter in controversy exceeds the sum of $75,000.   The Notice alleges that

defendant is "a foreign limited partnership organized and existing under the laws of the

State of Pennsylvania, and maintains its principal place of business in the State of

Pennsylvania, not having its chief and principal office and place of business in the State

of Missouri, and is not a citizen or resident of the State of Missouri."

The Eighth Circuit has held that limited liability companies and limited

partnerships are citizens of every state of which any member is a citizen.   *See GMAC*

*Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

The defendant, a limited partnership, has apparently addressed its citizenship like that of

a corporation, not a limited partnership, and thus it has not alleged its citizenship

adequately.

Because it is the defendant's burden in this case to establish subject matter

jurisdiction, *In re Business Men's Assur. Co. of America*, 992 F.2d at 183, the Court will

grant defendant twenty-one (21) days to file an amended petition which alleges facts

showing the existence of the requisite diversity of citizenship of the parties.   If defendant

fails to timely and fully comply with this Order, the Court will remand this matter for

lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by February 18, 2021, defendant shall file an

amended removal petition which shall allege facts establishing the citizenship of each of

defendant's members.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply

with this order, this matter will be remanded for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are

**STAYED** pending further order of this Court.

Dated this ___28th___ day of January, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE